```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF MISSISSIPPI
                        OXFORD DIVISION
_____
                                  |
MARY L. RINEHART                  |
                    Plaintiff     |
                                  |
v.                                |     Civil Action No.
                                  |     3:13-cv-237-NBB-JMV
CONAIR CORPORATION                |
                    Defendant     |
_____

and
_____

MARY L. ALLISON                   |
STACY A. LITWA                    |
                    Plaintiffs    |
                                  |
v.                                |     Civil Action No.
                                  |     3:13-cv-238-SA-JMV
CONAIR CORPORATION                |
                    Defendant     |
_____
```

### THIRD PARTY COMPLAINT

COMES NOW, Conair Corporation ("Conair"), Defendant in the above matter, and files this, its Third Party Complaint against third party defendants, Hillwood Investment Properties Services, L.P., Hillwood Construction Services, L.P., and the Reaves Firm Incorporated (hereinafter "Third Party Defendants"), and in support thereof would show unto the Court the following:

### PARTIES

1. Conair is a Delaware corporation with its principal place of business in New Jersey.

2. Both Hillwood Investment Properties, L.P. and Hillwood Construction Services, L.P. are limited partnerships formed and existing under the laws of the state of Texas with their principal place of business in Texas. Both are owned by Texas limited liability companies and may be served with summons and Complaint on their registered agent, Stephen D. Parker, 300 Olive Street, Suite 300, Dallas, Texas 75219.

3. Reaves Firm Incorporated is a citizen of the state of Tennessee and may be served with summons and Complaint on its agent Harvey C. Marcom, 5800 Ridge Bend Road, Memphis, Tennessee 39120-9416.

## JURISDICTION AND VENUE

4. Jurisdiction and venue of this action are proper in this Court inasmuch as the Third Party Complaint arises out of the same transaction or occurrence that is the subject matter of the original action. Joining the Third Party Defendants will not destroy the diversity jurisdiction of this Court.

## FACTS

5. Conair owns a warehouse adjacent to the northern border of the Plaintiffs' property. At the time of the incident in question, a sediment basin was constructed on the southern border of Conair's property. Plaintiffs allege that on May 21, 2013, during a rainstorm, the levee for the sediment basin

overflowed and discharged large quantities of water on the Plaintiffs' properties causing flood damage to their homes.

6. Plaintiffs assert claims of strict liability and willful, grossly negligent or wanton trespass for which they seek actual, compensatory and punitive damages.

7. The drainage system and/or sediment basin on Conair's property was designed and/or constructed by Hillwood Investment Properties, L.P., Hillwood Construction Services, L.P., and the Reaves Firm Incorporated as part of the Desoto Trade Center Development in Southaven, Mississippi.

## INDEMNITY

8. Conair incorporates herein the allegations made in Paragraphs 1 through 7.

9. Conair denies that it is liable to the Plaintiffs but in the event that it is found liable to the Plaintiffs, the Third Party Defendants are obligated to indemnify Conair from losses suffered and those it may suffer as a result of the underlying action.

## NEGLIGENT DESIGN

10. Conair incorporates herein the allegations made in Paragraphs 1 through 9.

11. Conair alleges that the Third Party Defendants negligently designed the drainage system and/or sediment basin

and such negligence was the proximate cause of Plaintiffs' damages, if any, and Conair's damages.

12. Conair would show that it did not learn and reasonably could not have learned of the Third Party Defendants negligent design until after the events which occurred on May 21, 2013, as described above.

## NEGLIGENT CONSTRUCTION

13. Conair incorporates herein the allegations made in Paragraphs 1 through 12.

14. Conair alleges that the Third Party Defendants negligently constructed the drainage system and/or sediment basin and such negligence was the proximate cause of Plaintiffs' damages, if any, and Conair's damages.

15. Conair would show that it did not learn and reasonably could not have learned of the Third Party Defendants negligent construction until after the events which occurred on May 21, 2013, as described above.

## BREACH OF IMPLIED WARRANTIES OF WORKMANSHIP AND HABITABILITY

16. Conair incorporates herein the allegations made in Paragraphs 1 through 15.

17. Conair alleges that the Third Party Defendants breached implied warranties and at all times were under the duties and requirements to exercise reasonable care and to construct the drainage system and sediment basin and the Third

4

Party Defendants failed to design, plan, supervise, observe and construct the drainage system and sediment basin in a reasonable manner and these failures directly caused the Plaintiffs' damages, if any, and Conair's damages.

18. Conair would show that it did not learn and reasonably could not have learned of the Third Party Defendants breach until after the events which occurred on May 21, 2013, as described above.

## BREACH OF EXPRESS WARRANTIES

19. Conair incorporates herein the allegations made in Paragraphs 1 through 18.

20. Conair alleges that the Third Party Defendants expressly warranted the design and construction and suitability of the drainage system and sediment basin and that the Third Party Defendants breached the express warranties directly causing the Plaintiffs' losses and damages, if any, and Conair's damages.

21. Conair would show that it did not learn and reasonably could not have learned of the Third Party Defendants breach until after the events which occurred on May 21, 2013, as described above.

## BREACH OF CONTRACT

22. Conair incorporates herein the allegations made in Paragraphs 1 through 21.

5

23. Conair alleges that the Third Party Defendants breached the contract outlining the construction and professional duties, services, and responsibility of the Third Party Defendants, and that the breach of said contract caused and contributed to the Plaintiffs' damages, if any, and Conair's damages.

24. Conair would show that it did not learn and reasonably could not have learned of the Third Party Defendants breach until after the events which occurred on May 21, 2013, as described above.

## DAMAGES

25. Conair incorporates herein the allegations contained in Paragraphs 1 through 24.

26. The negligent acts and omissions of the Third Party Defendants directly and proximately caused and continue to cause Conair damages.

WHEREFORE, PREMISES CONSIDERED, Third Party Plaintiff, Conair Corporation, prays that summons issued for the above-named Third Party Defendants and demands judgment from and against the Third Party Defendants for any and all loss sustained by Conair Corporation in the underlying action, including all costs of court, pre-judgment interest, post-judgment interest, reasonable attorney's fees, and such other relief as the Court deems just and proper.

Dated: March 24, 2014.

                                        Respectfully submitted,

                                        **CONAIR CORPORATION**

                                        By: *s/ Kelly D. Simpkins*
                                              Kelly D. Simpkins (MSB #9028)
                                              Its Attorney

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:    (601) 605-6900
Facsimile:    (601) 605-6901
ksimpkins@wellsmar.com

                              **CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing **Third Party Complaint** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Christian Goeldner, Esq.
    The Goeldner Law Firm
    Post Office Box 1468
    Southaven, Mississippi 38671-1468

        **ATTORNEY FOR PLAINTIFFS**

This, the 24th day of March, 2014.

                                          *s/ Kelly D. Simpkins*
                                          Kelly D. Simpkins

                                                               /238007